WILLIAM D. ELLWANGER, EXECUTOR OF THE LAST WILL OF
GEORGE ELLWANGER, DECEASED,

*v.*

STATE OF ILLINOIS

*Opinion filed April 18, 1913.*

INHERITANCE TAX—*Dodge & Ensign, ex.,* v. *State ante followed.*
This claim is based upon a similar state of facts as that of *Dodge
& Ensign, executors,* etc., *Mary H. Dodge, deceased,* v. *State, supra,*
and the law as announced by the Court in the decision of that claim
governs this claim.

Archibald Cattell, for Claimant.
W. H. Stead, Attorney General, for State.

The claim in this case is for a refund of inheritance
tax claimed to have been erroneously paid. The claim in
question discloses that the deceased died prior to July
1, 1909; that at the time of his death he was not a resi-
dent of the State of Illinois, and did not own any real
estate in this State at the time of his death, but that
at the time of his death said decedent was the owner of
certain shares of stock in Illinois corporations; that the
corporations refused to transfer the stock without the
consent of the inheritance tax attorney; that an ap-
praiser was appointed by the county judge of Cook
County, Illinois, who appraised the value of the stock
so held, fixed the amount of the tax, and made his re-
port to the county judge of Cook County, who entered
an order approving the report and fixing the tax; that
no appeal was taken from the order of the county judge
in fixing the amount of the inheritance tax, as provided
by law; that the inheritance tax was paid to the county
treasurer of Cook County; that demands were made
upon the county treasurer of Cook County, and upon
the State Treasurer of Illinois, for a refund of the tax
so paid.

The claimant filed his petition before the county
judge, who appointed the inheritance tax appraiser,

praying for a vacation of the order, through the execution of which the inheritance tax in question was levied and collected, which petition was denied.

Claimant alleges, that "the county court was wholly without jurisdiction, and the county judge wholly without jurisdiction, in taking any of the steps which resulted in the imposition of said tax and its collection;" that "the proceedings of the county court were wholly void." The grounds for claimant's contentions are that the deceased was a non-resident of the State of Illinois at the time of his death, and did not have any real estate in Illinois, and therefore the county judge of Cook County, Illinois, had no jurisdiction to fix an inheritance tax.

The State of Illinois, by the Attorney General, has demurred to the claim. This Court is asked to review the proceedings in the county court and the order of the county judge, and hold that the county court had no jurisdiction. Claimant has not followed the plain provisions of the law provided for the reviewing of the order of the county judge by an appeal to the county court. The order of the county judge consequently stands unquestioned, except by this application to this Court, and this Court is asked to assume the power conferred upon the county court under the statute in question, and reverse the order of the county judge. We are of the opinion that this Court has no such jurisdiction conferred upon it, and that so far as this Court is concerned, the inheritance tax in question is a legal tax and was not erroneously paid, and continues to be a legal tax, until such time as an appeal is prosecuted according to the statute in question and the order of the county judge reversed by a court of competent jurisdiction. This Court cannot review the order of the county judge. The statute in question provides for the manner of reviewing the order of the county judge, and it is essential and necessary that anyone desiring a refund of inheritance taxes claimed to have been paid erroneously, must first have the inheritance

tax declared erroneous, by some court of this State in accordance with the inheritance tax law, and inasmuch, as the claimant in this case has wholly neglected to take the steps provided by this law, we are compelled to dismiss his claim without a consideration of the merits of the same.

For the reasons above stated, the claim is therefore dismissed, but inasmuch, as there are certain questions involved in this claim, which claimant may desire to submit for decision to some other court, we direct that the rejection of this claim by this Court shall not conclude the claimant.